# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIDWEST ATHLETICS AND SPORTS ALLIANCE LLC | : : : | CIVIL ACTION |
| v. | : : | |
| RICOH USA, INC. | : | NO. 19-514 |

## MEMORANDUM OPINION

**Savage, J.**                                                             July 25, 2019

In this patent infringement case, plaintiff Midwest Athletics and Sports Alliance, LLC (MASA) moves for leave to file a second amended complaint to add an averment that it had been assigned two terminal disclaimer patents necessary to enforce three of the patents allegedly infringed. Defendant Ricoh USA, Inc. (Ricoh) argues the proposed amendment would be futile because MASA lacks standing to enforce the patents subject to the terminal disclaimers because it did not commonly own the disclaimers with the patents when it filed this lawsuit. Ricoh also moves for judgment on the pleadings on MASA's claims for infringement of the patents subject to the disclaimers. MASA replies that the assignment "confirmed" that it owned the terminal disclaimers, curing any standing defect.

We conclude that MASA lacks standing to assert infringement of the subject patents because it did not own the terminal disclaimers to which they are subject when it initiated this action. Therefore, we shall deny MASA's motion for leave to amend and grant Ricoh's motion for judgment on the pleadings.

## Background

The patents at issue are U.S. Patent Nos. 7,502,582 ('582 Patent); 7,720,425 ('425 Patent); and 8,005,415 ('415 Patent) (collectively, Pentachrome Patents); and U.S. Patent Nos. 7,236,734 ('734 Patent) and 7,340,208 ('208 Patent) (together, Terminal Disclaimer Patents). Eastman Kodak Company (Kodak), the prior owner of the Pentachrome Patents, overcame double patenting rejections by terminally disclaiming them to the Terminal Disclaimer Patents.[1] Specifically, the '582 and '425 Patents were disclaimed to both Terminal Disclaimer Patents, and the '415 Patent was terminally disclaimed to the '734 Patent.[2] Each of the terminal disclaimers contained the same language:

> The owner hereby agrees that any patent so granted on the instant application shall be enforceable only for and during such period that it and [the associated Terminal Disclaimer Patent(s)] are commonly owned. This agreement runs with any patent granted on the instant application and is binding upon the grantee, its successors or assigns.[3]

On December 9, 2016, Kodak assigned the Terminal Disclaimer Patents to Commercial Copy Innovations, Inc. (CCI).[4] On June 29, 2017, Kodak assigned the Pentachrome Patents to MASA.[5] MASA filed its complaint on January 5, 2018.[6] Two

---

[1] *See* '582 Patent Terminal Disclaimer (Doc. No. 99-2); '425 Patent Terminal Disclaimer (Doc. No. 99-3); '415 Patent Terminal Disclaimer (Doc. No. 99-4); *see also* (Proposed) Second Amended Complaint ¶¶ 41, 47, 50 (Doc. No. 98-3).

[2] *See* '582 Patent Terminal Disclaimer; '425 Patent Terminal Disclaimer; '415 Patent Terminal Disclaimer; *see also* (Proposed) Second Amended Complaint ¶¶ 41, 47, 50.

[3] '582 Patent Terminal Disclaimer; '425 Patent Terminal Disclaimer; '415 Patent Terminal Disclaimer.

[4] Patent Assignment Cover Sheet at 3, 4 (Doc. No. 99-5).

[5] Patent Purchase Agreement at 2, 8, 14, 21 (Doc. No. 102-1).

[6] Compl. (Doc. No. 1).

2

and a half months later, on April 18, 2019, CCI assigned the Terminal Disclaimer Patents to MASA.[7]

**Standard of Review**

Leave to amend a pleading is freely granted "when justice so requires." *Shane v. Fauver*, 213 F.3d 113, 115-17 (3d Cir. 2000) (quoting FED. R. CIV. P. 15(a)); *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 886-87 (3d Cir. 1992). Factors considered are undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previously allowed amendments, undue prejudice to the opposing party, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1982). Futility alone can be a reason to deny a motion to amend a complaint. Futility means that after amendment, the complaint would still fail to state a claim. *In re Alpharma Sec. Litig.*, 372 F.3d 137, 153 (3d Cir. 2004) (quoting *In re Burlington Coat Factory*, 114 F.3d 1410, 1434 (3d Cir. 1997)). Thus, leave to amend will be denied where the proffered amendments fail to cure the deficiencies in the earlier complaint. *Winer Family Tr. v. Queen*, 503 F.3d 319, 331-34 (3d Cir. 2007).

In deciding a motion for judgment on the pleadings made pursuant to Rule 12(c), we consider the facts alleged in the pleadings and documents attached as exhibits or incorporated by reference in the pleadings. *See* FED. R. CIV. P. 12(c); *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007); *cf. Steinhardt Grp. Inc. v. Citicorp*, 126 F.3d 144, 145 & n.1 (3d Cir. 1997) (in Rule 12(b)(6) context). All the well-pleaded factual assertions in the non-movant's pleadings are accepted as true and all contrary allegations in the movant's pleadings are disregarded. *Zimmerman v. Corbett*,

---

[7] Agreement at 5 (Doc. No. 102-2).

873 F.3d 414, 417-18 (3d Cir. 2017). To prevail, the movant must clearly establish that there are no material issues of fact and that it is entitled to judgment as a matter of law. *Bedoya v. Am. Eagle Express Inc.*, 914 F.3d 812, 816 (3d Cir. 2019).

**Analysis**

*Standing*

To have standing to assert patent infringement under 35 U.S.C. § 271, a plaintiff must demonstrate that it held enforceable title to the patent at the inception of the lawsuit. *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010); *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003). If the plaintiff did not hold enforceable title, the suit must be dismissed. The jurisdictional defect cannot be cured by the purchase of an interest in the patent after the suit was initiated. *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) (citing *Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 780 (Fed. Cir. 1996)).

To enforce a patent subject to a terminal disclaimer filed to obviate a double patenting rejection, the plaintiff must also own the disclaimer patent. 37 C.F.R. § 1.321(c)(3); *see also In re Hubbell*, 709 F.3d 1140, 1148 (Fed. Cir. 2013) (citing *In re Fallaux*, 564 F.3d 1313, 1319 (Fed. Cir. 2009)). A plaintiff who does not also own the terminal disclaimer patent lacks standing to bring an infringement claim. *In re Certain Digital Cable & Satellite Prods., Set-Top Boxes, Gateways & Components Thereof*, Inv. No. 337-TA-1049, 2017 WL 6350230, at *9 (USITC Oct. 19, 2017); *see also LG Philips LCD Co., Ltd. v. Tatung Co. of Am.*, No. 02-6775, at 10, 11 n.4 (C.D. Cal. Sept. 19, 2005) (fifty-percent ownership in terminal disclaimer patent insufficient) (Doc. No. 99-11). The plaintiff may not cure this defect by acquiring the terminal disclaimer patent and amending

4

its complaint to assert its common ownership of both patents. *Mich. Motor Techs. LLC v. Hyundai Motor Co.*, No. 2:17-cv-12901, at 3 (E.D. Mich. Aug. 9, 2018) (order) (Doc. No. 99-10); *LG Philips LCD Co., Ltd.*, No. 02-6775, at 11 n.4.

MASA claims that it was the owner of the Pentachrome Patents when it filed this action. It contends that its April 18, 2019 Agreement with CCI merely "confirmed its ownership of the Terminal Disclaimer Patents" and thus no standing issue exists.[8] The Assignment attached to the Agreement states that the "Assignor," the "[then-]current assignee," CCI, "does hereby assign unto Assignee [MASA], . . . its right, title and interest in and to the [Terminal Disclaimer] Patents . . . ."[9]

The Agreement did not "confirm" MASA's ownership of the Terminal Disclaimer Patents. It transferred ownership of them to MASA 15 months after suit was filed. Even if Kodak had purported to assign MASA the Terminal Disclaimer Patents when it assigned MASA the Pentachrome Patents, which it did not, it could not have done so because Kodak had already assigned the Terminal Disclaimer Patents to CCI.[10] *See Alzheimer's Inst. of Am., Inc.*, 2011 WL 3875341, at *5. Because MASA did not own the Terminal Disclaimer Patents until after it filed its complaint, MASA has no standing to enforce the Pentachrome Patents in this action. *See Abraxis Bioscience, Inc.*, 625 F.3d at 1362 (agreement "confirm[ing] the sale, assignment, conveyance and transfer" of patents to plaintiff retroactively to before suit was filed could not confer standing because purported assignor did not own patents at that time).

---

[8] Pl.'s Mem. in Support of Mot. for Leave to File a Sec. Am. Compl. at 1 (Doc. No. 98-1). *See* Agreement at 5 ("[MASA] wants to confirm acquisition of the [Terminal Disclaimer] Patents").

[9] Agreement at 5.

[10] Patent Assignment Cover Sheet at 3, 4; Patent Purchase Agreement at 2, 8, 14, 21.

In the cases cited by MASA, the claimants did not own the patents at the inception of their cases but were subsequently assigned them or the sole right to enforce them during the pendency of the litigation. *Procter & Gamble Co. v. Paragon Trade Brands, Inc.*, 917 F. Supp. 305, 307-08 (D. Del. 1995); *Valmet Paper Machinery, Inc. v. Beloit Corp.*, 868 F. Supp. 1085, 1086 (W.D. Wis. 1994); *Solarex Corp. v. Arco Solar, Inc.*, 805 F. Supp. 252, 256 (D. Del. 1992); *Ciba-Geigy Corp. v. Alza Corp.*, 804 F. Supp. 614, 618 (D.N.J. 1992). The question in those cases was whether each had standing to maintain suit in its own name. *Procter & Gamble Co.*, 917 F. Supp. at 309-13; *Valmet Paper Machinery, Inc.*, 868 F. Supp. at 1088-90; *Solarex Corp.*, 805 F. Supp. at 257-60; *Ciba-Geigy Corp.*, 804 F. Supp. at 630-37. In each case, there was an enforceable patent in effect when the suit was initiated. *Procter & Gamble Co.*, 917 F. Supp. at 307; *Solarex Corp.*, 805 F. Supp. at 284-85; *Ciba-Geigy Corp*, 804 F. Supp. at 618; *cf. Valmet Paper Machinery, Inc.*, 868 F. Supp. at 1086 (patent expired prior to filing of complaint but was in effect during period at issue). Here, no one, including MASA and CCI, had a right to enforce the Pentachrome Patents at the inception of the lawsuit because they were not commonly owned with the Terminal Disclaimer Patents.[11] *In re Hubbell*, 709 F.3d at 1148. Therefore, MASA had no standing. *LG Philips LCD Co., Ltd.*, No. 02-6775, at 11-12.

*Costs*

Ricoh first brought the issue of the Pentachrome Patents' unenforceability due to MASA's lack of ownership of the Terminal Disclaimer Patents to MASA's attention over

---

[11] '582 Patent Terminal Disclaimer; '425 Patent Terminal Disclaimer; '415 Patent Terminal Disclaimer.

nine months ago in an October 16, 2018 letter.[12] Ricoh reiterated its position in another letter on December 12, 2018, and in the parties' Rule 26(f) report on March 6, 2019.[13] Based on the report, we raised the issue of standing to assert the Pentachrome Patents with the parties at the March 13, 2019 pretrial conference. Ricoh asserted that the Terminal Disclaimer Patents had not been assigned to MASA. MASA denied this assertion and claimed that it would provide supporting documentation "as soon as possible." We also directed the parties to resolve this threshold issue quickly.

In a series of emails at the end of March and the beginning of April, Ricoh repeatedly requested documentation from MASA showing that it owned the Terminal Disclaimer Patents.[14] Ricoh again requested documentation at the April 10, 2019 meet-and-confer.[15] After MASA failed to provide supporting documentation or case law, Ricoh requested a conference before the court, which was held telephonically on April 17, 2019.[16] During the teleconference, counsel for MASA claimed that it owned the Terminal Disclaimer Patents but conceded that it would dismiss its claims based on the Pentachrome Patents with prejudice if Kodak confirmed that it did not. We gave MASA one week to confirm ownership or withdraw the claims. We specifically advised that we would impose costs "if it insisted on proceeding without confirmation of ownership."

---

[12] Oct. 16, 2018 Ltr. From Ryan Walsh to Paul Andre at 2-3 (Doc. No. 99-8). In its answer filed on June 22, 2018, Ricoh also asserted an affirmative defense "[t]o the extent that MASA seeks damages for alleged infringement occurring during any period when it lacked standing to assert any of the [patents at issue in the litigation]." Answer at 40 (Doc. No. 39).

[13] Dec. 12, 2018 Ltr. from Ryan Walsh to Mark Baghdassarian at 1-2 (Doc. No. 99-9); Report of Rule 26(f) Report at 10 (Doc. No. 89).

[14] Mar. 28, Apr. 3, Apr. 7, Apr. 8, 2019 Emails from Ryan Walsh to Mark Baghdassarian.

[15] Apr. 10, 2019 Email from Ryan Walsh to Mark Baghdassarian.

[16] Apr. 15, 2019 Ltr. from Ryan Walsh.

On April 24, 2019, MASA wrote the court indicating that on April 18 it had executed an assignment "confirming" its ownership of the Terminal Disclaimer Patents and requesting leave to amend its complaint.[17] MASA filed its motion on May 10, 2019.

MASA's motion was unnecessary and wasted Ricoh's and the court's resources. Although MASA should have withdrawn the baseless Pentachrome Patent claims, it sought a futile amendment of them. As stated, the April 18, 2019 assignment from CCI transferred ownership of the Terminal Disclaimer Patents to MASA. That assignment "confirmed" that MASA did not own them previously.

The need for an assignment was obvious. Because Kodak had assigned the Terminal Disclaimer Patents to CCI prior to assigning the Pentachrome Patents to MASA, it could not have assigned them to MASA when it assigned MASA the Pentachrome Patents. MASA knew it did not own the Terminal Disclaimer Patents. Nonetheless, it persisted with the Pentachrome Patent claims in the face of repeated requests from Ricoh to withdraw them.

Twice, we instructed MASA to withdraw the claims if it did not own the Terminal Disclaimer Patents, and warned that we would impose costs if it continued pursuing them without ownership of the necessary patents. MASA ignored these instructions and warnings, leading to unnecessary motion practice.

MASA also caused undue delay. It should have confirmed its ownership of the Terminal Disclaimer Patents before including the Pentachrome Patent claims in its complaint filed on January 5, 2018. Once Ricoh brought MASA's lack of common ownership to its attention on October 16, 2018, MASA should have investigated its

---

[17] Apr. 24, 2019 Ltr. from Mark Baghdassarian.

ownership of the Terminal Disclaimer Patents and acknowledged it did not own them. Instead, it now seeks to delay this matter further with a futile amendment of its pleading, a full year and a half after its original filing.

Accordingly, we shall require MASA to reimburse Ricoh for reasonable attorneys' fees it incurred in litigating MASA's standing to enforce the Pentachrome Patents. The determination of the amount of fees will be deferred until the conclusion of this action.

**Conclusion**

Because MASA lacks standing to enforce the Pentachrome Patents, its motion for leave to amend its complaint is denied and Ricoh's motion for judgment on the pleadings is granted.