**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MIDWEST ATHLETICS AND** | : | **CIVIL ACTION** |
| **SPORTS ALLIANCE LLC** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **RICOH USA, INC.** | : | **NO. 19-514** |

## MEMORANDUM

**Savage, J.**                                                                                    **August 26, 2019**

The parties originally filed a [Proposed] Stipulated Protective Order on March 20, 2019.[1]   The motion was not approved.   The parties then submitted an amended [Proposed] Stipulated Protective Order.[2]   In it, they explain that they understand that it does not "confer blanket protections on all disclosures and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles."[3]   However, the proposed order does just that.   Protected material is defined in the proposed order as "any Disclosure or Discovery Material that is designated as 'Confidential', 'Highly Confidential – Attorneys' Eyes Only', or 'Highly Confidential – Attorney's Eyes Only – Source Code'."   Those terms are defined generally, allowing the parties to declare any document confidential.   The parties describe protected items as those that "would create a substantial risk of harm that could not be avoided by less restrictive means."

In essence, the parties leave it to themselves to declare what is confidential.   They further limit the right to challenge a confidentiality designation to the parties.

---

[1] Doc. No. 95.
[2] Doc. No. 114.
[3] *Id.*

Rule 26(c) permits a court to enter a protective order to shield a party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking a protective order has the burden of justifying the confidentiality of each and every document sought to be sealed. It must demonstrate "good cause." That means the proponent must show, on a document-by-document basis, that "disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1997). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Id.*

In determining whether good cause exists justifying a protective order, a court considers what have become known as the *Pansy* factors. They are:

1.      whether disclosure will violate any privacy interests;

2.      whether the information is being sought for a legitimate purpose or for an improper purpose;

3.      whether disclosure of the information will cause a party embarrassment;

4.      whether confidentiality is being sought over information important to public health and safety;

5.      whether the sharing of information among litigants will promote fairness and efficiency;

6.      whether a party benefitting from the order of confidentiality is a public entity or official; and,

7.      whether the case involves issues important to the public.

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy*, 23 F.3d at 787 – 91). These factors are not exhaustive.

The parties' proposed protective order does not meet the requirements necessary to justify judicial endorsement of non-disclosure. It does not demonstrate the requisite good cause and it lacks specificity. It makes only bare allegations of harm. The parties make no attempt to address the *Pansy* factors. The proposed order leaves to the parties to determine the confidentiality of unspecified documents without any showing of specific injury that would result from disclosure. It would allow the parties to exercise unilateral control over what may be kept from public view, reserving to themselves the ability to declare anything confidential. Therefore, we decline to approve the proposed protective order.

Notwithstanding the absence of judicial *imprimatur*, the parties may agree to maintain confidentiality of discovery materials. They are cautioned that their private agreement will not be enforceable with respect to documents filed with pleadings in this case. They must keep in mind that once a discovery document becomes part of a judicial record, there is a strong presumptive right of public access. To overcome that strong presumption requires a much higher showing than a protective order. Only if the parties specifically identify the documents they seek to protect from disclosure and provide justification for keeping them confidential will a sealing order be entered. *See In re: Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662 (3d Cir. 2019). Hence, if the parties or any one of them request a sealing order, they must

file a motion satisfying the rigorous standards to justify overcoming the right of public access.

/s/ TIMOTHY J. SAVAGE J.