IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIDWEST ATHLETICS AND SPORTS ALLIANCE LLC,<br><br>             Plaintiff,<br><br>      v.<br><br>RICOH USA, INC.,<br><br>             Defendant. | Civil Action No.:<br><br>2:19-cv-00514-JDW |

**PLAINTIFF MIDWEST ATHLETICS AND SPORTS ALLIANCE LLC'S
BRIEF IN SUPPORT OF ITS MOTION TO FILE UNDER SEAL**

Plaintiff Midwest Athletics and Sports Alliance LLC's ("MASA") Motion to Seal Documents should be granted because, under the standards identified in *In re Avandia Mktg., Sales Practices and Prod. Liab. Litig.,* the harm resulting from disclosure of the information sought to be sealed, which includes highly-confidential business information and information that is subject to confidentiality obligations, outweighs the presumption of public access to judicial records. 924 F.3d 662, 672-673 (3d Cir. 2019).

In particular, MASA seeks to redact certain portions of MASA's and Ricoh's Joint Discovery Dispute Letter dated May 22, 2020 (the "May 22nd Joint Letter"), and seal in their entireties the following documents submitted as exhibits to the May 22nd Joint Letter: (i) Judge DeMarchi's Sealed Order re: Motion to Quash, dated December 19, 2019, which was attached as Exhibit A to the May 22nd Joint Letter; (ii) the Transcript of the Deposition of Geoff Thomas, which was attached as Exhibit D to the May 22nd Joint Letter; and (iii) the Transcript of the Deposition of Non-Party Peter Cody, which was attached as Exhibit E to the May 22nd Joint Letter (collectively, "the Exhibits").

As demonstrated herein, MASA's motion should be granted under the standards identified in *In re Avandia Marketing* because the presumption of public access does not outweigh the risk of harm associated with the public disclosure of the highly confidential information contained in the May 22nd Joint Letter and the Exhibits. *Id.* at 672-673. Moreover, the public has no need to know the particular confidential terms and sensitive information contained within the May 22nd Joint Letter and the Exhibits. Such disclosure would harm the parties and third parties to those documents.

For the reasons described more particularly below, MASA respectfully requests that this Court grant the Motion to redact portions of the May 22nd Joint Letter and seal the Exhibits in their entireties.

I. **BACKGROUND**

MASA and Ricoh jointly submitted the May 22nd Joint Letter to update the Court on the status of several discovery issues raised in the parties' prior joint discovery dispute letter of September 13, 2019. Following a hearing with the Court on June 12, 2020, during which the Court directed the parties to propose redactions to the joint letters so that they could be publicly filed on the docket of this case (Dkt. No. 160), MASA proposed redactions to the May 22nd Joint Letter and that the Exhibits be sealed in their entirety.

In particular, the portions of the May 22nd Joint Letter that MASA sought to redact include reference to and identification of MASA's non-party confidential funder, which is subject to a confidentiality obligation. In addition, each of the Exhibits contain highly sensitive business information of MASA and/or non-parties, including information regarding the terms and/or negotiation of MASA's Patent Purchase Agreement (the "PPA") with non-party Kodak Company

("Kodak"), which is subject to confidentiality obligations, as well as other confidential information regarding MASA's confidential funder.

Specifically, Exhibit A is an order from Judge DeMarchi of the United States District Court for the Northern District of California regarding Ricoh's motion to quash, dated December 19, 2019. Exhibit A was originally filed under seal in its entirety by Judge DeMarchi in view of the highly confidential information therein, including highly confidential business information regarding the negotiation of the PPA, MASA's business and financial activities and MASA"s confidential funder. MASA seeks to maintain the confidentiality of this information that was filed under seal by the District of California. Exhibits D and E are portions of the deposition transcripts of MASA's President, Mr. Geoff Thomas, and a witness of non-party Kodak, Mr. Peter Cocy, respectively. These transcripts were designated as "Highly-Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order since they contain sensitive and confidential business and financial information of MASA and third-parties such as Kodak, including negotiations and terms of the confidential PPA, as well as the nature of MASA's and Kodak's legal representation.

Because the May 22nd Joint Letter and the Exhibits contain sensitive and confidential business and financial information of MASA and third-parties that courts routinely protect, the interests in maintaining the confidentiality of the Letter and the Exhibits outweigh the presumption of public access under the *In re Avandia Marketing*. Thus, for the reasons described below, MASA respectfully requests the Court to redact portions of the May 22nd Joint Letter and seal the Exhibits.

## II.   ARGUMENT

The highly confidential information MASA seeks to file under seal or redact is the type of information routinely protected by courts because the risk of harm from its disclosure outweighs

the presumption of public access to judicial documents.  Although the common law presumes that the public has a right of access to judicial materials, that presumption is not absolute and may be overcome by a showing that the interest in protecting the information outweighs the presumption. *In re Avandia Mktg.*, 924 F.3d 662, at 672 (citing *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)); *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986) (party seeking to overcome the presumption of access bears the burden of showing "that the interest in secrecy outweighs the presumption"). The party seeking to seal the information must show "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994).  Upon such a showing, the court may prevent confidential materials from being "transmuted into materials presumptively subject to public access." *Gambale v. Deutshce Bank AG*, 377 F.3d 133, 143 n. 8 (2d Cir. 2004).

Courts routinely grant motions to seal documents containing confidential commercial information, finding that the interest in keeping such information confidential rebuts the presumption of public access. *See, e.g.*, *NHA, Inc. v. New Image Global, Inc.*, No. 2:17-cv-01071-TJS (E.D.Pa. July 19, 2017) (sealing brief containing commercial information designed as "confidential" pursuant to protective order); *Immunomedics, Inc. v. Roger Williams Med. Ctr.*, No. 15-cv-04526 JLL-JAD, 2017 U.S. Dist. LEXIS 221058 (D.N.J. Jan. 18, 2017) (sealing exhibits containing confidential business information, highly sensitive financial information and/or proprietary information).

Courts also seal agreements, such as license agreements, that, if publicly disclosed, would reveal information that would advantage a party's competitors. *See, e.g. Sabinsa Corp. v.*

*Herbakraft, Inc.*, Civil No. 14–4738-RBK-KMW, 2017 WL 3331773, *2 (D.N.J. Aug. 4, 2017) (granting motion to seal settlement agreement because disclosure would advantage competitors and result in a clearly defined and serious injury); *Mosaid Techs. Inc., v. LSI Corp. and Agere Sys., Inc.*, 878 F. Supp. 2d 503, 510 (D. Del. 2012) (holding that confidential financial information, licensing strategy, and terms relating to pricing, valuation, monetary payments and financial information should be protected).  More particularly, Courts within this Circuit permit sealing documents containing confidential information of the type set forth in the licensing agreements described above, that, as here, are designated pursuant to the of a protective order.  *Mosaid*, 878 F. Supp. 2d at 507.  In *Mosaid*, the Third Circuit granted protection to documents containing confidential information such as: (1) confidential financial and business information such as moneys paid by the parties pursuant to licensing agreements at issue; and (2) terms of patent licenses relating to pricing, valuation, monetary payments and financial information.  *Mosaid*, 878 F. Supp. 2d at 507 (holding that this information is "the sort of material that courts have frequently redacted").  The Third Circuit determined that the disclosure of this information would result in injury if disclosed and thus rebutted the presumption of public access.  *Id.*

     MASA and its non-party confidential funder agreed that the details of their agreement are to remain confidential, and thus, this information falls within the ambit of the confidential agreements noted above.  In an effort to narrow the amount of information precluded from public disclosure in the May 22nd Joint Letter, MASA proposed limited redactions to specific reference to and identification of confidential funder, which balances the interests of public access to judicial records with protecting against the risk of harm associated with the public disclosure of this highly confidential business and financial information.

In addition, the PPA specifically provides that the agreed upon terms should be kept confidential and, pursuant to the terms of the PPA, MASA produced the PPA with a "Highly-Confidential – Attorneys Eyes Only" designation under the Stipulated Protective Order because it contained sensitive and confidential financial information, such as the amount of monetary payments negotiated for the rights granted under the PPA. The Exhibits inherently concern the circumstances and details of the PPA as its primary subject matter. Therefore, they are replete with information on the business strategies of MASA and Kodak, including approaches to purchasing or confirming ownership of patents, the exchange of rights and corresponding obligations, and the payment terms agreed upon.  Indeed, Judge DeMarchi's Order (Exhibit A to the May 22nd Joint Letter) was filed under seal because it contained this same information.  Similarly, Exhibits D and E are deposition transcripts already designated "Highly-Confidential – Attorneys Eyes Only" since they contained the aforementioned sensitive and confidential business and financial information of MASA and third-parties, including negotiations and terms of the confidential PPPA as well as the nature of MASA's and Kodak's legal representation

The public disclosure of the information in the May 22nd Joint Letter and Exhibits would be detrimental to both MASA, as well as MASA's confidential funder and Kodak, which are not parties to this action, as it could provide competitors with the advantage of access to this sensitive information during negotiations without MASA, Kodak or MASA's confidential funder having a corresponding advantage into the confidential information of its competitors.  There is no benefit to the public from the disclosure of this sensitive information.  As a result, this type of information "is the kind of information that courts will protect."  *Mosaid*, 878 F. Supp. 2d at 510 (maintaining confidentiality of sensitive financial information); *Sabinsa*, 2017 WL 3331773 at *2 (protecting information that may be used by competitors to harm the parties' standing in the marketplace).

Accordingly, the presumption of public access is outweighed by the specific, significant harm that would result from the disclosure of the proposed redactions of the May 22nd Joint Letter (Exhibit 1 to the Declaration of Cristina Martinez filed in support of this Motion) and the proposed sealing of the Exhibits (Exhibits 2-4 to the Declaration of Cristina Martinez filed in support of this Motion).

### III.    CONCLUSION

For the reasons set forth above, MASA respectfully requests that the Court grant its Motion to redact portions of the Letter and seal the Exhibits in their entireties.

Respectfully submitted,

Dated:  July 30, 2020

By: */s/ Cristina Martinez*
**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Paul J. Andre
Lisa Kobialka (admitted *pro hac vice*)
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com

Mark A. Baghdassarian (admitted *pro hac vice*)
Cristina Martinez (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, NY 10001
Tel: 212.715.9100
Fax: 212.715.8000
mbaghdassarian@kramerlevin.com
cmartinez@kramerlevin.com

**BAZELON LESS FELDMAN PC**
Richard L. Bazelon
Lisa A. Barton
One South Broad Street, Suite 1500
Philadelphia, PA 19107
Telephone: (215) 568-1155

- 8 -

Facsimile: (215) 568-9319
rbazelon@bazless.com
lbarton@bazless.com

*Attorneys for Plaintiff Midwest Athletics and Sports Alliance LLC*

## CERTIFICATE OF SERVICE

I, Cristina Martinez, hereby certify that on July 30, 2020, I caused the foregoing Memorandum in Support of MASA's Motion to Seal Documents to be served via CM/ECF on the following counsel:

**BLANK ROME LLP**
Evan H. Lechtman
One Logan Square
Philadelphia, PA 19103-6998
Tel: (215) 569-5367
Fax: (215) 832-5367
Lechtman@blankrome.com

**JONES DAY**
Geoffrey K. Gavin
Ryan K. Walsh
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309-3053
Tel: (404) 581-8646
Fax: (404) 581-8330
ggavin@jonesday.com
rwalsh@jonesday.com

*Counsel for Defendant Ricoh USA, Inc.*

By: */s/ Cristina Martinez*
    Cristina Martinez

1