IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MIDWEST ATHLETICS AND SPORTS ALLIANCE LLC**, <br><br> *Plaintiff,* <br><br> v. <br><br> **RICOH USA, INC.,** <br><br> *Defendant.* | Case No. 2:19-cv-00514-JDW |

## ORDER

**AND NOW**, this 10th day of August, 2020, upon consideration of Plaintiff Midwest Athletics and Sports Alliance LLC's Motion to Seal (ECF No. 167), the Court notes as follows:

1. The common law presumes that the public has a right of access to judicial materials (*see In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019));

2. To overcome the common law presumption, a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure (*see id.*);

3. Under Third Circuit law, a party seeking to file material under seal must make a **specific** showing, and "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient" (*In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001));

4. Plaintiff has not established that it has a sufficient confidentiality interest in Exhibits 1, 3, and 4 (ECF Nos. 167-3, 167-5, 167-6) because its general assertion that the

information is "sensitive and confidential financial information" and that the "public disclosure of the information … would be detrimental …, as it could provide competitors with the advantage of access to this sensitive information during negotiations without MASA, Kodak or MASA's confidential funder having a corresponding advantage into the confidential information of its competitors" (ECF No. 167-1 at 6) is just a broad allegation of harm, without any specific example or articulated reasoning, and the Court's review of the documents does not reveal anything that suggests true competitive sensitivity;

5. However, the Court agrees with Plaintiff that Exhibit 2 (ECF No. 167-4) should be sealed. Indeed, that exhibit is a sealed Order from the Honorable Virginia DeMarchi, U.S. Magistrate Judge of the United States District Court for the Northern District of California dated December 19, 2019. This Court will not second-guess Judge DeMarchi's decision to place her Order under seal.

Therefore, for the foregoing reasons, it is **ORDERED** that Plaintiff's Motion to Seal (ECF No. 167) is **DENIED IN PART** and **GRANTED IN PART**.

It is **FURTHER ORDERED** that Plaintiff shall supply to the Clerk of Court unredacted and/or unsealed versions of Exhibits 1, 3, and 4 (ECF Nos. 167-3, 167-5, 167-6), and the Clerk of Court shall substitute those versions on the public record.

It is **FURTHER ORDERED** that Plaintiff may file Exhibit 2 (ECF No. 167-4) under seal.

                                          **BY THE COURT:**

                                        */s/ Joshua D. Wolson*
                                        JOSHUA D. WOLSON, J.