IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MIDWEST ATHLETICS AND SPORTS ALLIANCE LLC**,<br><br>*Plaintiff,*<br><br>v.<br><br>**RICOH USA, INC.,**<br><br>*Defendant.* | Case No. 2:19-cv-00514-JDW |

## MEMORANDUM

Justice may be blind, but that does not mean that judicial records can be kept from public view. Indeed, "[t]he Judicial Branch belongs to the American people", and "Americans cannot keep a watchful eye … if they are wearing blindfolds." *Binh Hoa Le v. Exeter Fin. Corp.*, No. 20-10377, --- F.3d ----, 2021 WL 838266, at *5 (5th Cir. Mar. 5, 2021). Both Plaintiff Midwest Athletics and Sports Alliance LLC ("MASA") and Defendant Ricoh USA, Inc. have asked the Court to seal certain documents that they have submitted in support of their dispositive motions. Neither Party, however, has demonstrated that their interest in maintaining the secrecy of these documents outweighs the public's fundamental right to access public records.

**I.    LEGAL STANDARD**

The common law presumes that the public has a right of access to judicial records. *See In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d

Cir. 2019). "A 'judicial record' is a document that 'has been filed with the court ... or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'" *Id.* (quotation omitted). To overcome the strong presumption of access that attaches to judicial records, a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure. *See id.* (emphasis added). A party seeking to file material under seal must make a specific showing; "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673 (quotation omitted). The Court "must 'conduct[ ] a document-by-document review' to determine whether sealing is warranted. *Id.* (same).

This arduous standard reflects the importance of the public's right to access public records, including those that are part of judicial proceedings. Indeed, the judiciary has a "solemn duty to promote judicial transparency," and it cannot fulfill this duty without taking a hard look at the parties' articulated bases for sealing judicial records, as well as the individual records themselves. *Binh Hoa Le*, 2021 WL 838266, at *8. A party seeking closure of documents must make a specific and compelling showing before the Court will subordinate the public's presumptive right of access. That standard does not vary depending on the level of public interest in a case or which members of the public might be interested in it. Indeed, the Fifth Circuit has cautioned that "a steady flow of unjustified

low-profile sealings is capable of far greater damage—a gradual, *sub silentio* erosion of public access to the judiciary, erosion that occurs with such drop-by-drop gentleness as to be imperceptible." *Id.* This Court shares those concerns and is ever-mindful of its responsibility—and privilege—to serve as champion of the public interest.

## II.   DISCUSSION

After meeting and conferring as to their respective Motions to Seal (ECF Nos. 190-92 & 197), MASA and Ricoh ask the Court to place eight documents (or portions of those documents) under seal. To resolve the motions, the Court has conducted a document-by-document review of each document at issue.

Source Code-Related Documents

Ricoh seeks to seal excerpts of the expert report of MASA's infringement expert, Michael Mitzenmacher, Ph.D., that reference and/or describe Ricoh's software source code. Those excerpts are located in MASA Ex. 38 (ECF No. 193-37) and Ricoh Ex. 26 (ECF No. 195-32).[1] A party's confidential and proprietary source code is a type of information that courts may protect from public disclosure. *See, e.g.*, *Mextel, Inc. v. Air-Shields, Inc.*, No. 01-cv-7308, 2004 WL 614601, at *1 (E.D. Pa. Jan. 30, 2004). However, Ricoh has not met its burden to establish that the disclosure **will** work a clearly defined injury to it. As an initial matter, most of the paragraphs of the report that Ricoh seeks to seal do not

---

[1] All citations to "MASA Ex." and "Ricoh Ex." refer to the exhibits attached to the Parties' respective motions for summary judgment.

contain the source code itself. Instead, as Ricoh puts it, they just "appear to reference" the source code. (ECF No. 201 at 4.) However, even if all of those paragraphs contained the actual source code, Ricoh still has not demonstrated that a clearly defined injury would occur if the information were revealed. Though Ricoh contends that public disclosure of this information "would provide competitors with an unfair advantage by having access to this information" (*id.*), it must do more than "opine about vague harms from unnamed entities." *ART+COM Innovationpool GmbH v. Google Inc.*, No. 14-cv-217, 2016 WL 10028722, at *5 (D. Del. Aug. 10, 2016). Ricoh's "bare attorney argument is simply insufficient" to overcome the strong presumption in favor of public access. *Id.* Thus, the Court will not seal the cited portions of Dr. Mitzenmacher's report.

Settlement Documents

Ricoh also asks the Court to seal a settlement agreement between Eastman Kodak Company and Ricoh Company, Ltd., as well as certain descriptions of that agreement, that appear in Ricoh Ex. 1 (ECF No. 195-3) and in Ricoh's Statement of Uncontested Facts (ECF No. 195-2). In certain instances, courts will protect settlement agreements from public disclosure. *See, e.g.*, *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 222 (3d Cir. 2011). However, Ricoh has not satisfied its burden to demonstrate that a clearly defined and serious injury will result if the settlement-related documents are disclosed. Again, rather than point to a concrete harm, Ricoh just makes a broad allegation that disclosing the settlement agreement "will seriously harm the interests of both third-parties to the

settlement agreement, as it would provide an unfair advantage to their competitors, who could use the information in the settlement agreement against the parties in the market." (ECF No. 201 at 5.) These generalized harms are insufficient, and the fact that the settlement agreement is more than six years old undermines Ricoh's argument. In addition, Ricoh's public policy argument does not move the needle. Indeed, "the generalized interest in encouraging settlements does not rise to the level of interests that [courts] have recognized may outweigh the public's common law right of access." *Bank of Am. Nat. Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 346 (3d Cir. 1986). Thus, the Court will not seal the settlement-related materials.

Ricoh Financial Information

Ricoh also seeks to seal portions of the report of its damages expert, David Drews, that discuss and/or reveal the revenues associated with Ricoh's accused products. Mr. Drews' report appears at Ricoh Ex. 7 (ECF No. 195-9). Ricoh contends that "[t]his information is highly confidential and would seriously harm [its] interests if disclosed to the public, as it would provide an unfair advantage to its competitors who can wield the information to undercut Ricoh USA's business dealings." (ECF No. 201 at 7.) "To be sure, courts may permissibly seal judicial records 'where they are sources of business information that might harm a litigant's competitive standing.'" *In re Avandia*, 924 F.3d at 679 (quotation omitted). However, Ricoh's unspecific, broad allegations of harm are insufficient to satisfy the demanding standard necessary to overcome the presumption of

5

public access to judicial records. Without this showing, the Court cannot place these materials under seal and will deny Ricoh's motion.

MASA's Claim Chart

MASA asks the Court to seal one if its claim charts, which appears at Ricoh Ex. 7 (ECF No. 195-53.) MASA contends that this material is protected from disclosure by both the attorney client and work-product privileges. However, MASA waived both privileges when it provided the claim chart to Ricoh and to the Court. Furthermore, in seeking leave to file the claim chart under seal, MASA conflates the lesser standard applicable to issuance of protective orders that apply to discovery material with the more demanding common law right of access standard. *See Avandia*, 924 F.3d at 672 (district court's ability to protect discovery materials is "[a]nalytically distinct" from presumption of access to judicial materials). As a result, MASA fails to articulate why the public's right of access should be subordinate to its desire for secrecy. The Court will deny MASA's motion to seal this document.

Kodak Documents

Finally, MASA asks the Court to seal portions of the transcripts of deposition testimony of two representatives from Kodak. These excerpts appear at Ricoh Exs. 2 & 43 (ECF Nos. 195-4 & 195-49). However, Kodak (not MASA) believes that these materials should be under seal, and neither MASA nor Ricoh maintains that sealing is warranted. As a result, neither Party has articulated a basis for the Court to seal these documents,

and Kodak—which is well-aware of this litigation—has not moved to intervene on this issue.  In any event, the Court has reviewed these documents and finds no basis to place them under seal.  Accordingly, the Court will deny MASA's motion as to these documents.

### III.     CONCLUSION

The common law right of access to judicial records is not absolute, but it is not easily overcome, either.  Neither MASA nor Ricoh has carried the heavy burden necessary to prevent the public from accessing the judicial records on which they rely to mount their claims and defenses.  Thus, the Court cannot seal these documents from public view and will deny both Parties' motions.  An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
United States District Judge

March 10, 2021